```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES MELTON,              :    CIVIL ACTION
                             :    No. 05-366
     Plaintiff,              :
                             :
v.                           :
                             :
OFFICER MICHAEL MURPHY,      :
                             :
     Defendant.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JULY 9, 2008

Charles Melton has brought this case against Officer Michael Murphy of the Philadelphia Police Department under 42 U.S.C. § 1983. Melton alleges that Murphy violated his rights under the Fourth and Fourteenth Amendments by using excessive force while arresting Melton. Currently before the Court are two motions in limine.

I.   BACKGROUND

This case arises out of an altercation between Melton and two police officers that resulted in Melton being convicted of simple assault, reckless endangerment, and possession of an instrument of crime. While sitting in his car, Melton reached out the window, grabbed a civilian named Miranda Coley, and began driving in reverse, dragging the woman along. Officer Murphy intervened to help free Coley and was also dragged by Melton. He

-1-

punched Melton in the face to free himself and Coley.[1]

Melton originally sued Officer Murphy; Murphy's partner, Officer Hudecki; the City; and several other parties on a variety of claims. All claims were dismissed by agreement of the parties except for Melton's § 1983 claim of excessive use of force against Officer Murphy.

Officer Murphy moved for summary judgment on the ground that Heck v. Humphrey, 512 U.S. 477 (1994), bars Melton's claim because, in support of his claim, Melton will testify that he was not dragging anyone from his car, but was rather sitting peacefully when Murphy punched him. The motion was denied. "Claims for excessive use of force are not barred under Heck because a plaintiff does not necessarily have to prove the unlawfulness of his conviction to succeed." Order, June 27, 2008 (doc. no. 68) (citing Lora-Pena v. FBI,-- F.3d --, 2008 WL 2468569, at *2 (3d Cir. June 20, 2008)).

II.  MOTIONS IN LIMINE

   A.   Motion to Exclude Prior Conduct by Officer Murphy

Officer Murphy moves to exclude evidence of prior police Internal Affairs Division ("IAD") investigations into his conduct. "Evidence of other crimes, wrongs, or acts is not

---

[1] Officer Murphy claims to have punched Melton only once. Melton claims that Officer Murphy punched him multiple times after Coley also punched Melton more than ten times.

admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

In his memorandum of law, Melton does not identify any purpose for which prior IAD investigations of Murphy would be relevant.[2] Murphy's identity is undisputed and Murphy does not dispute that he used force against Melton. The only question for trial is whether the force used by Murphy was reasonable. Melton has not shown that the prior IAD investigations would help prove that the amount of force used was unreasonable. Therefore, Officer Murphy's motion in limine be granted.

### B. Motion to Exclude Evidence that Undermines Melton's State Convictions

Officer Murphy moves to exclude Melton's testimony regarding the events preceding his arrest to the extent that the

---

[2] The cases cited by Melton do not support his position. In Ismail v. Cohen, the Second Circuit upheld the admission of evidence of past wrongs because the district court had issued a detailed memorandum determining that the evidence was admissible for permissible purposes under Rule 404(b), including to prove intent and absence of mistake. 899 F.2d 183, 189-90. Here, Melton has not shown how the past investigations are relevant to any of the Rule 404(b) permissible purposes.
  Borenstein v. City of Philadelphia, the other case cited by Melton, decided a motion to dismiss and has no bearing on the admissibility of evidence of past misconduct. 595 F. Supp. 853 (E.D. Pa. 1985).

testimony will contradict facts that provided the basis for his state convictions.  Specifically, Melton will testify that his car was not moving at the time Murphy punched him and that he did not assault anyone, but instead was himself the victim of an assault by Officer Murphy and Coley.  Murphy argues that, although Heck v. Humphrey does not normally bar § 1983 claims for excessive use of force, Melton's testimony should be barred here because it would directly contradict Murphy's version of events, which is the version that was accepted by the finder of fact at Melton's state trial.

The Court of Appeals for the Ninth Circuit has recently considered the very question posed by this case: whether Heck v. Humphrey acts as an evidentiary bar in situations where testimony in a federal civil case will contradict facts established at the state court criminal trial.  Simpson v. Thomas, 528 F.3d 685, 691 (9th Cir. 2008).  The Ninth Circuit concluded "that Heck does not create a rule of evidence exclusion."  Id.  In reaching this conclusion, the Court noted that the Heck doctrine grew out of an effort to reconcile § 1983, which creates a broad right of action for unconstitutional acts by state or municipal actors, with 28 U.S.C. § 2254, which places strict limitations on the use of federal challenges to state criminal convictions.  "[T]he Supreme Court's intent in announcing the rule in Heck was to prevent prisoners from subverting the requirements of § 2254 by filing

-4-

suit under § 1983." <u>Id.</u> at 695.  Thus, the application of <u>Heck</u> focuses only on whether a claim itself is viable, not on whether a particular piece of evidence is admissible.  <u>Id.</u>

Finding the reasoning of the Ninth Circuit persuasive, the Court concludes that <u>Heck</u> does not create an evidentiary bar. Therefore, Officer Murphy's motion to exclude Melton's testimony because it contradicts facts underlying his state conviction will be denied.

III. CONCLUSION

For the reasons stated above, Officer Murphy's motion to exclude evidence of prior IAD investigations into his conduct is granted.  Officer Murphy's motion in limine to exclude Melton's testimony as barred by <u>Heck v. Humphrey</u> is denied.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              :   CIVIL ACTION
CHARLES MELTON,               :   NO. 05-366
                              :
     Plaintiff,               :
                              :
v.                            :
                              :
                              :
MICHAEL MURPHY,               :
                              :
     Defendant.               :
```

## ORDER

**AND NOW**, this **9th** day of **July 2008**, for the reasons stated in the attached memorandum, it is hereby **ORDERED** that defendant Murphy's motion to exclude evidence of past Internal Affairs Division investigations (doc. no. 45) is **GRANTED.**

It is further **ORDERED** that defendant Murphy's oral motion to exclude evidence that contradicts facts underlying plaintiff Melton's criminal convictions is **DENIED.**

**AND IT IS SO ORDERED.**

                                    S/Eduardo C. Robreno
                                    **EDUARDO C. ROBRENO, J.**